36 So.3d 835 (2010)
Glendell RUSS, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 1D99-4378, 1D00-0243.
District Court of Appeal of Florida, First District.
May 28, 2010.
Robert A. Morris, Banks & Morris, P.A., Tallahassee, for Petitioner.
Bill McCollum, Attorney General, and Trisha Meggs Pate, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
DENIED.
HAWKES, C.J., and THOMAS, J., concur; KAHN, J., concurs with opinion.
KAHN, J., concurring.
The petitioner, Glendell Russ, seeks, in this habeas corpus proceeding, an order withdrawing or vacating our opinion of February 2, 2001, which reinstated Mr. Russ' conviction on a felony charge of official misconduct. State v. Russ, 778 So.2d 414 (Fla. 1st DCA), rev. den., 794 So.2d 606 (Fla.2001). In that case, a panel of this court reversed the well-reasoned order of a Leon County circuit judge concluding "that the State's theory on the statutory meaning of the word `falsify' lacks an evidentiary basis on the facts of the case." Russ, 778 So.2d at 414.
Mr. Russ subsequently sought habeas corpus relief in federal court. This relief was granted by the United State District Court for the Northern District of Florida, and then affirmed by the Eleventh Circuit Court of Appeals. See Russ v. Florida, 104 Fed.Appx. 150 (11th Cir.2004) (unpublished). The grant of habeas corpus by the Northern District of Florida, as affirmed by the Eleventh Circuit, acts to vacate the conviction for official misconduct. Nevertheless, anyone using the popular legal research tool known as Westlaw would not be directed to the federal rulings and could, therefore, conclude that the conviction has stood, when in fact it has not. With this explanation, I concur in the majority's decision to deny the relief sought by Russ.